**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angelyne Wagner, | No. CV-25-01768-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Angelyne Wagner's applications for a period of disability, disability insurance benefits, and supplemental security income by the Social Security Administration ("SSA"). Plaintiff filed a Complaint with this Court seeking judicial review of that denial. (Doc. 1.) After reviewing the briefs (Docs. 20, 26, 34), and the Administrative Record (Doc. 12, "A.R."), the Court affirms.

## I. BACKGROUND

### A. Procedural History

Plaintiff filed applications for disability insurance benefits and supplemental security income on July 30, 2021, alleging disability beginning July 10, 2020. (Doc. 26 at 2.) The SSA denied her claims on March 24, 2024. (*Id.*) A year later, the SSA Appeals Council denied Plaintiff's request for review. (*Id.*) Plaintiff now asks the Court to review the denial pursuant to 42 U.S.C. § 405(g). (Doc. 20 at 22.)

### B. ALJ Determination

Here, the ALJ concluded that Plaintiff "has not engaged in substantial gainful

activity since July 10, 2020, the application date." (A.R. at 25.) The ALJ then determined that Plaintiff had the following severe impairments: "cervical spondylosis, lumbar spondylosis, and obesity." (*Id.*) The ALJ next concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404." (*Id.* at 29.) The ALJ then determined that Plaintiff had the following residual functional capacity ("RFC"): "to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)." (*Id.*)

The ALJ found that Plaintiff was able to perform past relevant work as a cashier, which meant she was not disabled. (*Id.* at 35.) Alternatively, regardless of ability to perform past relevant work, the ALJ found that Plaintiff could perform other work. (*Id.* at 36.) Accordingly, the ALJ concluded that Plaintiff was not disabled from the alleged onset date through the date of the decision. (*Id.* at 37.)

## II.    LEGAL STANDARD

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the ALJ's determination only if it is unsupported by substantial evidence or if it is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the entire record. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the entire record and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* (citation omitted). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The substantial evidence threshold "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 587 U.S. 97, 108 (2019); *see also Thomas v. CalPortland Co.*, 993 F.3d 1204, 1208 (9th Cir. 2021) (noting substantial evidence "is an extremely deferential standard").

To determine whether a claimant is disabled, the ALJ follows a five-step process.

*See* 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i), (b). If so, the claimant is not disabled, and the inquiry ends. *Id.* If the claimant is not working in a substantially gainful activity, then the claimant's case proceeds to step two. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 416.920(a)(4)(ii), (c). If not, the claimant is not disabled, and the inquiry ends. *Id.* If the claimant's impairment is severe, then the inquiry proceeds to step three. *See id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of Part 404. *Id.* § 416.920(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, then the ALJ assesses the claimant's RFC to determine whether the claimant is still capable of performing past relevant work before moving to step four. *Id.* § 416.920(a)(4)(iv), (e)-(f). At step four, the ALJ must determine whether the claimant retains the RFC to perform the requirements of past relevant work. *Id.* If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 416.920(a)(4)(v), (g). If so, the claimant is not disabled; if not, the claimant is disabled. *Id.*

## III.    DISCUSSION

Plaintiff argues the ALJ erred by (1) improperly evaluating Dr. Wayne General's opinion and assessing an RFC that failed to account for all her limitations, (2) improperly discounting her subjective symptom testimony, and (3) finding that her prior cashier work qualified as past relevant work. (*See generally* Doc. 20.) The Court considers each claim in turn.

. . . .

- 3 -

### A.     Medical Evidence and RFC

Plaintiff argues that the ALJ improperly rejected Dr. Wayne General's opinion and failed to account for limitations caused by her mental impairments, fibromyalgia, long COVID, tachycardia, dyspnea, chronic cough, and physical conditions. (Doc. 20 at 8-17.)

An ALJ must assess all the medical evidence when formulating a claimant's RFC. 20 C.F.R. § 404.1545(a)(1). RFC is an administrative, not medical, finding concerning a claimant's ability to work. *Id.* § 404.1546. In examining medical evidence, an ALJ must articulate how persuasive he or she finds all the medical opinions from each doctor or other source. *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023). Under the revised regulations applicable here,[*] supportability and consistency are the "most important" factors for an ALJ to consider in this analysis. *Woods*, 32 F.4th at 791 (quoting 20 C.F.R. § 404.1520c(a)). Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence. 20 C.F.R. § 404.1520c(c)(1). Consistency measures how a medical source compares with others; "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2). "[A]n ALJ need only provide 'an explanation supported by substantial evidence,'" not account for every possibility. *See Kitchen*, 82 F.4th at 740 (quoting *Woods*, 32 F.4th at 792).

### 1.     Dr. General

Dr. Wayne General performed a consultative psychological examination and diagnosed Plaintiff with persistent depressive disorder, unspecified anxiety disorder, alcohol use disorder, and tobacco use disorder. (A.R. 1146-55.) He found that Plaintiff's immediate recall was below average, short-term memory was moderate, long-term memory was average, attentiveness was moderate, and concentration was good for conversational

---

[*] Plaintiff filed her benefits application after March 27, 2017, so the revised SSA regulations govern how the ALJ evaluates and considers medical opinions. *Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022).

- 4 -

discourse and about average in math. (*Id.* at 1154.) The ALJ found Dr. General's opinion unpersuasive because it used largely vague or nonfunctional language, was not entirely supported by his own examination findings, and was inconsistent with other psychiatric and mental-status examinations in the record. (*Id.* at 28.)

Substantial evidence supports that evaluation. The ALJ reasonably found that terms such as "moderate" short-term memory and "moderate to good" attentiveness did not clearly describe specific work-related limitations. (*Id.*) The ALJ also noted that Dr. General's conclusions were not fully supported by his own findings, including Plaintiff's score of 27 out of 30 on the Mini-Mental Status Examination, which indicated no likelihood of cognitive impairment. (*Id.* at 1152.) In addition, the ALJ found Dr. General's opinion inconsistent with generally normal psychiatric and mental-status examinations elsewhere in the record. (*See, e.g.*, *id.* at 526, 566, 577, 975, 1164.)

Plaintiff argues that Dr. General identified vocationally meaningful limitations involving short instructions, memory, organizing work materials, and the need for rest periods, and that the ALJ improperly characterized those limitations as vague. (Doc. 20 at 8-10.) Although the record could support Plaintiff's interpretation, it also contains substantial evidence supporting the ALJ's interpretation. The Court therefore must defer to the ALJ's reasonable resolution of the conflicting evidence. *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

Any alleged deficiency in the supportability discussion was harmless because the ALJ's inconsistency finding was itself supported by substantial evidence. *See Woods*, 32 F.4th at 792-94, 793 n.4 (suggesting that even where an ALJ provides no supportability analysis for a medical opinion, the ALJ may properly find the opinion unpersuasive so long as there is an inconsistency finding supported by substantial evidence); *Archunde v. Comm'r of Soc. Sec. Admin.*, No. CV-24-01993-PHX-JAT, 2025 WL 520534, at *6 (D. Ariz. Feb. 18, 2025). Substantial evidence supports the ALJ's evaluation of Dr. General's opinion.

. . . .

### 2.    Remaining RFC Limitations

Finally, Plaintiff argues that the RFC fails to account for limitations arising from her depression, anxiety, fibromyalgia, long COVID, tachycardia, dyspnea, chronic cough, and physical impairments. (Doc. 20 at 8-17.) But the ALJ considered Plaintiff's alleged symptoms, the objective medical evidence, her treatment history, and the medical opinions before concluding that the record did not support additional functional limitations. (A.R. at 25-35.) The ALJ is responsible for translating the medical evidence into an RFC, and the RFC need not directly correspond to any particular medical opinion. *Archunde*, 2025 WL 520534, at *6. Because the ALJ's interpretation of the conflicting evidence was rational, the Court must uphold it. Accordingly, substantial evidence supports the RFC determination.

### B.    Symptom Testimony

Plaintiff argues that the ALJ failed to provide specific, clear, and convincing reasons for discounting her testimony concerning pain, limited sitting and standing, difficulty performing daily activities, and the need to use a walker. (Doc. 20 at 17-21.)

In evaluating a claimant's subjective symptom testimony, an ALJ applies a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). If there is such objective evidence, and "no evidence of malingering," "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The question on review is not whether the Court is convinced, but whether the ALJ's rationale is "clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (emphasis added). In making this determination, the ALJ may consider inconsistencies between the claimant's testimony and the objective medical evidence, treatment history,

and daily activities. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (A.R. at 30.) Because the ALJ made no finding of malingering, the question is whether he articulated specific, clear, and convincing reasons for discounting Plaintiff's testimony.

The ALJ explained that Plaintiff's allegations were inconsistent with the objective medical evidence, her treatment history, and her reported daily activities. (A.R. at 25-35.) These are recognized bases for discounting subjective symptom testimony. *See Thomas*, 278 F.3d at 959 (holding that inconsistency between subjective complaints and objective medical evidence may constitute a clear and convincing reason for discounting a claimant's testimony); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors.").

Substantial evidence supports the ALJ's reasoning. The ALJ acknowledged Plaintiff's allegations of disabling pain but found that the record did not support the degree of limitation she alleged. In particular, the ALJ noted that the evidence before him did not establish fibromyalgia through the findings required under the applicable agency guidance and that the treatment record did not document limitations consistent with Plaintiff's allegations. (A.R. at 25, 30-35.) The ALJ also relied on examinations showing generally normal strength, sensation, gait, and range of motion, as well as records reflecting improvement with pain medication. (*Id.* at 30-35.) The ALJ therefore reasonably concluded that the objective evidence and treatment history did not support Plaintiff's allegations of disabling pain.

The ALJ also considered Plaintiff's claimed need for a walker. Plaintiff testified

that she used a walker when leaving home, but the ALJ found limited evidence establishing that an assistive device was medically necessary or required for a continuous twelve-month period. (*Id.* at 33.) Although some of the records cited by the ALJ predated Plaintiff's alleged 2023 walker prescription, any weakness in that aspect of the analysis was harmless because the ALJ provided other independently sufficient reasons for discounting her testimony, including the objective medical evidence, her response to treatment, and inconsistencies in her reported daily activities. Viewed as a whole, the ALJ adequately identified which aspects of Plaintiff's testimony were inconsistent with the record and provided clear and convincing reasons, supported by substantial evidence, for discounting her subjective symptom allegations.

### C.    Past Relevant Work and Alternative Step Five Finding

Plaintiff argues that the ALJ erred at step four by finding that her prior cashier work qualified as past relevant work. She contends that the cashier work was not performed at the substantial gainful activity level and was performed outside the applicable lookback period. (Doc. 20 at 5-6.) "Past relevant work" is work that a claimant has "done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. §§ 416.960(b), 404.1560(b). The Court need not decide whether the ALJ correctly classified the cashier position as past relevant work. Even assuming the ALJ erred at step four, the error was harmless because the ALJ made an independent alternative finding at step five. (*See* A.R. at 36); *see also Shaibi v. Berryhill*, 870 F.3d 874, 883 n.6 (9th Cir. 2017).

At step five, the burden shifts to the Commissioner to establish that the claimant can perform other work existing in significant numbers in the national economy. *Tackett*, 180 F.3d at 1100. The Commissioner may satisfy that burden through vocational-expert testimony or, when appropriate, through the Medical-Vocational Guidelines. *Id.* at 1101.

Here, the ALJ found that Plaintiff could perform the full range of light work and had no non-exertional limitations that significantly eroded the occupational base. (A.R. at 29, 36.) Applying the Medical-Vocational Guidelines as a framework, the ALJ found

that Plaintiff was not disabled. (*Id.* at 36.) The ALJ explained that the applicable rules directed a finding of "not disabled" based on Plaintiff's age, education, work experience, and RFC. (*Id.*)

Plaintiff did not meaningfully challenge the alternative step-five finding in her opening brief. Instead, she first argued in reply that the Commissioner failed to carry the step-five burden because the ALJ denied her claim at step four. (Doc. 34 at 4.) But the ALJ expressly made an alternative step-five finding. (A.R. at 36.) Arguments raised for the first time in reply are generally forfeited. *See Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009).

In any event, the argument fails on the merits. Because substantial evidence supports the ALJ's determination that Plaintiff retained the RFC to perform the full range of light work, the ALJ permissibly relied on the Medical-Vocational Guidelines. Plaintiff identifies no credited non-exertional limitation that would preclude reliance on those Guidelines. Thus, even if her cashier work did not qualify as past relevant work, the ALJ's alternative step-five finding establishes that she was not disabled.

Any error at step four was therefore harmless.

## IV.    CONCLUSION

Accordingly, substantial evidence supports the ALJ's decision.

**IT IS ORDERED affirming** the ALJ's decision (A.R. at 22-37).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment consistent with this Order and close this case.

Dated this 24th day of July, 2026.

Michael T. Liburdi
United States District Judge